UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| DAVID FRANSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:06-cv-140 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **OPINION** |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security that plaintiff was not entitled to disability insurance benefits (DIB).  Plaintiff filed his application for benefits on September 10, 2003, claiming a July 31, 2002 onset of disability.  (A.R. 52-54).  Plaintiff later amended his application to allege an August 15, 2001 onset of disability.[1]  (A.R. 50-51).  Plaintiff's claim was denied on initial review.  On March 13, 2005, plaintiff received a hearing before an administrative law judge at which he was represented by counsel.  (A.R. 321-64).  On October 12, 2005, the ALJ issued a decision that plaintiff was not disabled.  (A.R. 15-23).  Plaintiff filed a request for discretionary review by the Appeals Council.  (A.R. 307-20).  On October 20, 2006, the Appeals Council denied review (A.R. 5-7), and the ALJ's decision became the Commissioner's final decision.  On December

---

[1]Because DIB benefits are payable only for the twelve months immediately before the application for benefits is filed, *see* 20 C.F.R. § 404.621(a)(1), September 2002 was the earliest month plaintiff could possibly have been entitled to receive DIB benefits.

1, 2006, plaintiff filed his complaint seeking judicial review of the Commissioner's decision denying

his application for DIB benefits.  Plaintiff's brief contains the  statement of errors set forth verbatim

below:

1)  Defendant fails to note the existence of degenerative changes above and below plaintiff's lumbar fusion and does not find that this diagnosis constitutes a severe impairment despite the fact that the plaintiff's treating spinal surgeon as well as the other two specialists who evaluated plaintiff's spine all agree that these degenerative changes are the likely source of the plaintiff's pain.  This failure means defendant violated Social Security Ruling 96-2p by failing to give controlling weight to the opinions of plaintiff's treating orthopedic surgeon, Dr. Bruce E. Dall, M.D.

2)  Defendant's failure to address the medical evidence sent to the ALJ after the hearing or the points raised in plaintiff's Request for Review and the second statement of Dr. Dall (which was filed with the Request for Review) must result in a finding by this honorable Court that Defendant's denial of benefits is not supported by substantial evidence.

3)  Defendant fails to review the very substantial evidence showing that Plaintiff has endured many surgeries for orthopedic problems in addition to his low back, and utterly fails to address what limitations these other impairments impose in combination with plaintiff's low back.  Although Defendant does note in finding number 3 that plaintiff has "arthritic changes of the hands, shoulders and knees", Defendant fails to address the degree of impairment associated with these arthritic changes, how these impairments impact plaintiff's functional capacity, or the combined effect of all plaintiff's impairments.

4)  Defendant's finding number 5 (p. 22) that "(plaintiff's) allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision" is not supported by substantial evidence.  Specifically, the ALJ did not address which of the plaintiff's allegations are not credible, nor does he address why not.  Further, the ALJ erroneously found that Plaintiff never attempted to return to work after his second lumbar fusion.  These errors show that defendant failed to properly perform its [sic] function under SSR 96-7p.

5)  Defendant's finding number 6 (p. 22) that "There has been no continuous 12-month period since August 15, 2001 during which the claimant did not have the residual functional capacity to lift and carry a maximum of forty pounds with no more than occasional bending or twisting at the waist level" is not supported by substantial evidence due to the previously-noted errors.

6)      Defendant's finding number 7 (p. 23) that "The claimant's past relevant work as a 'new product' development manager did not require the performance of work-related activities precluded by his residual functional capacity", a finding that is predicated on Defendant's finding number 6 (which Plaintiff assigns as a specific error in the previous paragraph), is not supported by substantial evidence.  Stated otherwise, once properly understood, the overwhelming weight of the evidence shows that claimant cannot perform his past work.

7)      The error set forth in the previous paragraph results in further error as Defendant terminated the sequential disability evaluation in 20 CFR 404.1520 at the fourth step (20 CFR 404.1520(e)) rather than proceeding to the fifth and final step set forth in (f) of this regulation.

(Plf. Brief at 2-4, docket # 7).[2]  Upon review, the court finds that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision.  The Commissioner's decision will be affirmed.

### Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as

---

[2]Plaintiff's brief and reply brief exceeded the page limitations established by the court's February 12, 2007 order.  (docket # 6).  Among other things, plaintiff's attorney wasted a great deal of time, effort, and space criticizing the Appeals Council for its decision not to grant discretionary review.  The scope of judicial review is defined by statute, and does not encompass the Appeals Council's discretionary decision whether to grant review.  *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review.").

adequate to support a conclusion.'"  *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007).  The scope of the court's review is limited.  *Buxton*, 246 F.3d at 772.  The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations.  *See Walters v. Commissioner*, 127 F.3d at 528;  *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Vance v. Commissioner*, No. 07-5793, 2008 WL 162942, *6 (6th Cir. Jan. 15, 2008)("Contrary to Vance's suggestion, it squarely is *not* the duty of the district court, nor this court, to re-weigh the evidence, resolve material conflicts in testimony, or assess credibility.").  "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ."  42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . .  This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference."  *Buxton*, 246 F.3d at 772-73.  "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently."  *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ.").  "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the

conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see*

*Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from his alleged onset of disability of August 15, 2001, through the date of the ALJ's decision.  Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability.[3]  The ALJ found that, "The claimant has degenerative joint disease of the lumbar spine status-post two fusion surgeries, arthritic changes of the hands, shoulders and knees.  These impairments form a combination of 'severe' impairments within the meaning of the Regulations." (A.R. 22).  The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments.  The ALJ determined that plaintiff's subjective  complaints were not fully credible.  (A.R. 20-21).  Plaintiff retained the residual functional capacity (RFC) to lift and carry a maximum of forty pounds with no more than occasional bending or twisting at the waist level.  The ALJ found that plaintiff was not disabled at step 4 of the sequential analysis because plaintiff's past relevant work as a new product development manager, "both as previously performed and as generally performed in the national economy," did not require the performance of work-related activities precluded by plaintiff's RFC.  (A.R. 22-23). The ALJ held that plaintiff was not disabled.  (A.R. 23).

### 1.

Plaintiff argues that the ALJ erred when he failed to consider evidence that plaintiff's attorney mailed to the ALJ on September 8, 2005, approximately five months after plaintiff's March

---

[3]Plaintiff earned $84,900 in 2002.  Plaintiff testified that this represented a severance package as well as other forms of non-work remuneration from his former employer.  (A.R. 329-30).

13, 2005 administrative hearing, and five weeks before the ALJ's October 12, 2005 decision.[4] (Plf. Brief, Statement of Errors ¶ 2 and pp. 9-14, docket # 7). The following quoted excerpt is illustrative:

> Even though these test results were sent to the ALJ five weeks before the date of his Decision, it is apparent that the ALJ never considered them. Not only are they not mentioned in the body of his Decision, they are not listed in the List of Exhibits appended to the ALJ's decision (p.3). Although these records are listed by defendant as an Exhibit in the Appeals Council['s] denial as Exhibit AC-2 (p.4), they are not discussed anywhere in the Appeals Council['s] denial either. For all intents and purposes there is nothing to show defendant considered these records, even though they are pages 315-320 of the administrative record.

(Plf. Brief at 14). Any fault relating to the ALJ's purported "failure to consider" plaintiff's post-hearing exhibits rests squarely on plaintiff's attorney's shoulders. On March 11, 2004, the Social Security Administration sent a letter to plaintiff's attorney regarding plaintiff's upcoming administrative hearing. This letter emphasized that plaintiff and his attorney were responsible for submitting plaintiff's evidence in support of his disability claim *before* the hearing date:

> Because the hearing is the time to show the ALJ that the issues should be decided in your client's favor, we need to make sure that his file has everything you want the ALJ to consider. You and your client are responsible for submitting needed evidence.

(A.R. 34). On April 19, 2005, the Social Security Administration sent plaintiff and his attorney the notice of plaintiff's May 13, 2005 hearing date. (A.R. 40-44). The notice stated, "If there is more evidence you want to submit, get it to me right away. If you cannot get the evidence to me before the hearing, bring it to the hearing." (A.R. 42). Plaintiff's attorney never requested an adjournment of the hearing date. The hearing transcript shows that counsel was aware of all the exhibits that had

---

[4]Plaintiff's counsel represents to the court that the post-hearing exhibits he sent to the ALJ were under an enclosure letter dated September 8, 2005. (Plf. Brief at 14). Counsel's representation is accepted as true for present purposes.

been submitted in support of plaintiff's claim, and counsel had no objections to those exhibits. (A.R. 323). The hearing transcript reveals that plaintiff's attorney never made a request that the ALJ keep the administrative record open in order to permit plaintiff to submit additional evidence. Where a claimant fails to notify the ALJ that additional evidence will be forthcoming, fails to seek a continuance on that basis, and proceeds to a hearing without all h[is] evidence, "[]he must live with the consequences." *Cranfield v. Commissioner*, 79 F. App'x 852, 859 (6th Cir. 2003). Simply put, the ALJ was under no obligation to consider the "evidence" that plaintiff attempted to dump unceremoniously into the record months after the close of proofs.

Plaintiff's brief and reply brief repeatedly invite the court to commit error by considering evidence that was not properly before the ALJ in determining whether the ALJ's decision is supported by substantial evidence. (Plf. Brief at 1-3, 9-10,12-22 and attached exhibit; Reply Brief at 2-8). This is patently improper. For more than a decade it has been clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether substantial

evidence supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ."); *accord Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007)("There is no backdoor route to get new evidence considered for the first time at the court of appeals level; the only method to have new evidence considered is to ask for a sentence six remand under 42 U.S.C. § 405(g) . . . .").  The court is not authorized to consider additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Cline*, 96 F.3d at 148.

The concluding paragraph of plaintiff's brief contains a passing request for alternative relief in the form of an order remanding this matter to the Commissioner:

> Plaintiff requests that either defendant's [d]ecision denying benefits be reversed based on the entirely [sic] of the record, or that the case be remanded to defendant with directions that it find that plaintiff's degeneration above and below his fusion to be a severe impairment, consider the combined effect of all his impairments, consider all the evidence -- including the post-hearing evidence, re-assess plaintiff's credibility in light of all the evidence, and follow SSR 96-7p, 96-2p, and 20 C.F.R. 404.1520 and 404.1527.

(Plf. Brief at 22).  "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)."  *Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006).  The statute permits only two types of remand:  a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision.  *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)).  The court cannot consider evidence that was not submitted to the ALJ in the sentence four context.  It only can consider such evidence in determining whether

a sentence six remand is appropriate.  *See Bass v. McMahon*, 499 F.3d at 513; *Foster v. Halter*, 279 F.3d at 357; *Cline*, 96 F.3d at 148; *Cotton*, 2 F.3d at 696.

        Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence plaintiff now presents is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding.  *See Hollon*, 447 F.3d at 483; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005); *Cline*, 96 F.3d at 148; *Balogh v. Commissioner*, 94 F. App'x 286 (6th Cir. 2004) (A sentence six remand "requires that all three elements be met.").  Courts "are not free to dispense with these statutory requirements."  *Hollon*, 447 F.3d at 486.

        On October 12, 2005, the ALJ issued his decision denying plaintiff's application for DIB benefits.  (A.R. 15-23).  Plaintiff's attorney states that in September 2005 he sent the ALJ the results of various tests performed at Borgess Medical Center on August 12, 2005.  (Exhibit AC-2, A.R. 315-20).  This proffered evidence is not "new" because it existed before the ALJ issued his decision.  Nor does plaintiff have good cause for failing to present this evidence at the hearing.  *See Cline*, 96 F.3d at 149 (a claimant's failure to notify the ALJ at or following the hearing of the need to consider new medical evidence prevents a finding of good cause).

        On October 25, 2005, roughly two weeks *after* the ALJ issued his decision denying plaintiff's application for DIB benefits, plaintiff's attorney elicited a statement from Bruce E. Dall, M.D.  The eleven-page statement is attached to plaintiff's brief as an exhibit (docket # 7, attachment), but it was obviously not part of the administrative record before the ALJ.  The transcript contains the following explanation of the plaintiff's attorney's reasons for obtaining the statement:  "Upon reviewing [the ALJ's decision], I've decided to come back and literally ask Dr.

-10-

Dall some questions to expand on what's set forth in this decision and really just find out whether Dr. Dall would agree or disagree with some of the conclusions reached by the judge." (Statement at 2). Plaintiff's brief in support of his application for review by the Appeals Council (Exhibit AC-1, A.R. 307-14) offered this summary of the statement's purpose: "**In preparation for this appeal, the undersigned has taken the ALJ's Decision directly to Dr. Dall and taken ANOTHER statement -- submitted with this brief -- to show just how erroneous ALJ Prothro's Decision is.**" (A.R. 307)(emphasis in original). Dr. Dall's October 25, 2005 statement is "new" because it was generated after the ALJ decision. *See Hollon*, 447 F.3d at 483-84; *Foster*, 279 F.3d at 357; *see also Templeton v. Commissioner*, 215 F. App'x 458, 463 (6th Cir. 2007). Indeed, the statement was created in response to the ALJ's decision.

Contrary to plaintiff's attorney's assumption (Plf. Reply Brief at 7, docket # 12), "good cause" is not established solely because the new evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *Oliver*, 804 F.2d at 966; *see also Brace v. Commissioner*, 97 F. App'x 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing before the ALJ did not establish good cause); *Cranfield v. Commissioner*, 79 F. App'x at 859. Plaintiff has not carried his burden in this regard. "Additionally, plaintiff's counsel did not seek to have the record remain open to submit the evidence here provided, which in and of itself shows a lack of good cause." *Bass v. McMahon*, 499 F.3d at 513. Plaintiff has not shown good cause.

-11-

Finally, in order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion with regard to whether plaintiff was disabled on or before October 12, 2005. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Hensley v. Commissioner*, 214 F. App'x 547, 550 (6th Cir. 2007). Plaintiff's attempt to address his burden with regard to "materiality" consists of a single sentence in his reply brief: "The evidence is material because it constitutes further, objective evidence of the spinal degeneration that defendant and the ALJ simply refuse to acknowledge as a primary basis of plaintiff's claim." (Reply Brief at 7). This conclusory statement does not suffice to carry plaintiff's burden. At the outset of the questioning of Dr. Dall on October 25, 2005, plaintiff's attorney stated, "Dr. Dall, we're really only here talking about the same evidence that we had at the time we took your statement back on March 22nd, so, we are not even concerned with what may have happened since that time." (docket # 7 attachment at 2-3). The October 25, 2005 statement did not reflect the results of any additional testing. The court is not persuaded that there is a reasonable probability that the Commissioner would have reached a different decision if the proffered evidence had been presented and considered.[5]

In summary, plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. Accordingly, plaintiff's request for a sentence six remand will be denied. Plaintiff's arguments will be evaluated on the record presented to the ALJ.

---

[5]If plaintiff believes that his condition has deteriorated since the ALJ issued the Commissioner's October 12, 2005 decision, plaintiff remains free to file a new application for DIB benefits.

**2.**

Plaintiff argues that the ALJ's credibility determination is not supported by substantial evidence.  (Plf. Brief, Statement of Errors ¶ 4and pp. 19-21; Reply Brief at 5-6).  This court does not make its own credibility determinations.  *See Walters v. Commissioner*, 127 F.3d at 528; *see also Lawson v. Commissioner*, 192 F. App'x 521, 528 (6th Cir. 2006).  The court cannot substitute its own credibility determination for the ALJ's.  The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ."  *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005).  The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard.  "Claimants challenging the ALJ's credibility determination face an uphill battle."  *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005).  "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying."  *Jones*, 336 F.3d at 476; *see Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *West v. Commissioner*, 240 F. App'x 692 (6th Cir. 2007).  "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints."  *Buxton v. Halter*, 246 F.3d at 773.  "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference."  *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).  The ALJ's detailed and lengthy discussion of his reasons for finding that plaintiff's subjective complaints were not fully credible is incorporated herein by reference.  (A.R. 20-21).

Among other things, plaintiff testified that his daily activities included checking his e-mail at home, reading, and performing volunteer work at a nature center. (A.R. 383). Plaintiff testified that he continued to snow ski, kayak, ride bikes, and play tennis, but on a much more limited basis than before his back surgeries. (A.R. 346-47). Plaintiff's wife reported that plaintiff spent a few hours per day playing golf and that he continued to play tennis, but not competitively. (A.R. 105, 108). Plaintiff performed household chores such as washing the laundry, mowing the lawn with a riding mower, and performing household repairs. (A.R. 103). Plaintiff continued to drive a car and shop for groceries, clothing, and household items. (A.R. 104). Plaintiff reported that he could walk up to two miles and "stand 2, 3 hours at a time easily." (A.R. 339). The court finds that the ALJ's credibility determination is supported by more than substantial evidence. *See Cruse v. Commissioner*, 502 F.3d at 542-43; *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990).

The Sixth Circuit recently stated that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The Court of Appeals observed that Social Security Ruling 96-7p requires that the ALJ explain his credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248. Here, the ALJ's opinion summarized plaintiff's medical history (A.R. 17-20), among other things, noting the results of a physical examination conducted on March 11, 2003, by Gordon R. Bell, M.D. , which did not provide evidence of objective manifestations of pain such as nerve damage or muscle atrophy:

PHYSICAL EXAMINATION: On examination he has fairly good back motion without any leg pain produced by any maneuver of his back. He does have some back pain produced by hyperexension. His reflexes are normal, his strength is normal. His straight leg raising sign, left hip exam, and left femoral nerve stretch tests are all normal.

(A.R. 155; *see* A.R. 13). The ALJ specifically mentioned Social Security Ruling 96-7p, plaintiff's testimony that he suffered from constant back pain that necessitated frequent position changes and naps, and plaintiff's work as a school volunteer (A.R. 20), before making the following findings regarding plaintiff's credibility:

After careful consideration of the entire record, the Administrative Law Judge concludes that the claimant's testimony was not entirely credible. Despite the claimant's contention and belief that the August 2001 surgery was somehow unsuccessful, the objective tests in findings have consistently shown a solid union. The record of medical treatment also does not document the subjective degree of pain that the claimant alleged at the hearing. No additional surgery has been advised. The claimant has also not participated in a formal work hardening or physical rehabilitation program since at least 2002. The claimant remains quite active in terms of daily activities within his limitations, of which there may be a component of self-imposed limits. Clearly, the claimant has a solid and accomplished work record. When he initially sought to return to work with restrictions about one month after the surgery, he was informed that the company did not have a position for him. The employer had apparently eliminated the claimant's job and, during 2002, he indicates that he sought other positions at various locations of this company. There is no indication that the claimant sought job opportunities [from] other p[ro]spective employers, even if he [was] not able to obtain the same salary he earned in the past.[6]

(A.R. 20). This easily satisfies the requirement that the ALJ explain his credibility determination.

*See Infantado v. Astrue*, No. 07-1656, 2008 WL 345344, *6 (6th Cir. Feb. 7, 2008).

_____

[6]Plaintiff's assertion that the ALJ "found that Plaintiff never returned to work after his second lumbar fusion" (Plf. Brief, Statement of Errors, ¶ 4) is demonstrably untrue. The ALJ accepted plaintiff's hearing testimony that he attempted to return to work, and that shortly thereafter plaintiff was informed by his employer that his position as a Technical Service Manager had been eliminated. (A.R. 325-27). Plaintiff testified that he made no other attempts to return to work after the 2002 attempt. (A.R. 337).

In summary, the court finds that the ALJ's assessment of plaintiff's credibility is supported by substantial evidence and that the ALJ adequately explained his credibility determination.

**3.**

Plaintiff's primary argument is that the Commissioner's decision should be overturned because the ALJ failed to give adequate weight Dr. Dall's opinions. (Plf. Brief, Statement of Errors ¶ 1 and pp. 9-10,12-22; Reply Brief at 2-8). This argument is largely premised on the statement plaintiff's attorney obtained from Dr. Dall after the ALJ's decision. The October 25, 2005 statement cannot be considered by the court in making the determination whether the ALJ's decision is supported by substantial evidence. Although plaintiff's argument has been significantly undermined by the exclusion of the October 25, 2005 statement, the court must nonetheless determine whether the ALJ gave adequate weight to the Dr. Dall's opinions found in the administrative record as it existed on October 12, 2005, when the ALJ issued his decision.

The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. § 404.1527(e); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see also Stiltner v. Commissioner*, 244 F. App'x 685, 689 (6th Cir. 2007)("As an initial matter, we note that the determination of disability is ultimately the prerogative of the Commissioner, not the treating physician."). The ALJ carefully examined Dr. Dall's opinions and rejected them as being inconsistent with the record as a whole:

> Dr. Dall's statement as the attending physician on the company's [sic] application for disability payments is rather conclusory in nature and does not provide specific functional limitations or any other rationale. Additionally, the statement appears to be somewhat internally inconsistent because it also indicated that the fusion appeared to be stable and

neurological signs were intact.  The statement is also not supported by the physician's own treatment notes, which reflect a good post-operative outcome following the August 2001 surgery with all objective studies showing a solid lumbar fusion site.

The undersigned has also carefully considered the deposition statement offered by Dr. Dall on March 22, 2005 at the request of the claimant's attorney.  Orthopedist Dall stated that, since August 2002 or November 2002 that the claimant has been totally disabled and unable to work and also provided a statement to that effect to the claimant's insurance company (Exhibits 12F-13F).  The conclusions purposed [sic] in the deposition statement are not persuasive or convincing because such conclusions are not reasonably supported by the course of medical treatment.  In the March 2005 deposition statement, Dr. Dall's responses were clearly led by the attorney's questioning.  Even the claimant's subjective report of activities, contained both in the record and about which he testified at the hearing, exceeded the functioning level offered in the deposition.  This statement contains little or no reference to objective findings.  Rather, objective findings have shown a good fusion result following the August 2001 surgery and nothing objectively supports a disabling degree of impairments for any 12-month period or any significant deterioration of functioning since April 2002 when the claimant had sufficiently recovered from the surgery.  For these reasons, the undersigned finds that the conclusions of Dr. Dall offered in [E]xhibits 6F-7F and 12F-13F are not supported by or consistent with substantial other evidence and assigns these opinion statements with very little weight ([20 C.F.R.] § 404.1527(e) and Social Security Ruling 96-2p).

(A.R. 20-21).  A treating physician's opinion is not entitled to controlling weight if it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or is "inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(d)(2).

The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation."  *Buxton*, 246 F.3d at 773; *see Pascoe v. Commissioner*, 137 F. App'x 828, 837 (6th Cir. 2005); *see also Bingaman v. Commissioner*, 186 F. App'x 642, 647 (6th Cir. 2006)("Although the opinion of a treating physician is generally accorded great weight, such deference applies only where the physician's opinion is based on sufficient medical data."); *Bell v. Barnhart*, 148 F. App'x 277, 285 (6th Cir. 2005)("[R]egardless of whether Dr. McFadden was a treating physician, his opinion was entitled to controlling weight

-18-

only if it was 'well-supported my medically acceptable clinical and laboratory diagnostic techniques and [was] not inconsistent with other substantial evidence in [the] case record.'")(quoting 20 C.F.R. § 404.1527(d)(2)).  An opinion that is based on the claimant's reporting of his or her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *Bell v. Barnhart*, 148 F. App'x at 285.  The ALJ's finding that Dr. Dall's opinions were not entitled to controlling weight is well-supported on this administrative record.  The record is devoid of objective test results supporting Dr. Dall's opinions.

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, it does not necessarily mean that the opinion should be completely rejected; the weight to be given to the opinion is determined by a set of factors that guides the weight given to the medical opinion, including treatment relationship, supportability, consistency, specialization, and other factors. *See* Social Security Ruling 96-2p (July 2, 1996): *Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions* , SSR 96-2p (reprinted in 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 404.1527(d);  *Martin v. Commissioner*, 170 F. App'x  369, 372 (6th Cir. 2006); *see also Turner v. Commissioner*, No. 07-5235, 2008 WL 582603, at * 4 (6th Cir. Mar. 4, 2008).  Applying these factors, the ALJ determined that the extreme restrictions proffered by Dr. Dall were not consistent with the course of plaintiff's medical treatment and could not be reconciled with the record evidence of plaintiff's extensive daily activities.  The ALJ easily satisfied the procedural requirement of giving "good reasons" for not giving controlling weight to Dr. Dall's opinions.  *See*

*Smith v. Commissioner*, 482 F.3d at 875-76; *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004).

### 4.

Plaintiff argues that the ALJ committed reversible error when he failed to find that degenerative changes above and below plaintiff's spinal fusion constituted a severe impairment. (Plf. Brief, Statement of Errors ¶ 1 and pp. 10-13; Reply Brief at 2-3). The ALJ found at step two of the sequential evaluation that plaintiff had "degenerative joint disease of the lumbar spine status-post two fusion surgeries. . . ." (A.R. 13). The ALJ's failure to make additional findings that the degenerative changes above and below the fusion were severe impairments was, at most, harmless error. The ALJ considered all the evidence of degenerative changes in plaintiff's spine and plaintiff's related functional restrictions throughout the remaining steps of the sequential evaluation process. It is well established that under such circumstances, the ALJ's failure to list additional impairments as severe at step two cannot provide a basis for reversing the Commissioner's decision. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *see also Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007) ("[W]hen an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two does not constitute reversible error."); *Riepen v. Commissioner*, 198 F. App'x 414, 415 (6th CIr. 2006).

### 5.

Plaintiff argues that the ALJ failed to consider his impairments in combination. (Plf. Statement of Errors ¶ 3 and pp. 18-19; Reply Brief at 3-4). The ALJ's opinion clearly stated that

he considered plaintiff's impairments in combination. (A.R. 13). Given this statement, the ALJ is not required to further elaborate upon his thought processes. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987); *see also Simons v. Barnhart* 114 F. App'x 727, 734 (6th Cir. 2004)(The ALJ stated that he was obligated to consider all the claimant's symptoms, found that the claimant had an impairment or combination of impairments that were severe, and the lack of a separate discussion of each of the claimant's multiple impairments "does not mean that the [ALJ] did not consider their combined effect."). Plaintiff's argument does not provide a basis for disturbing the Commissioner's decision.

### 6.

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. (Plf. Brief, Statement of Errors ¶¶ 3, 5 and pp. 21-22; Reply Brief at 4-5). The ALJ found that plaintiff retained the RFC to lift and carry a maximum of forty pounds with no more than occasional bending or twisting at the waist level. RFC is the most, not the least, a claimant can do despite his impairments. 20 C.F.R. § 404.1545(a); *Griffith v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007). RFC is a determination made by the ALJ based upon all the evidence within the record. *Walters*, 127 F.3d at 531. Upon review, the court finds that the ALJ's RFC determination (A.R. 20-21) is supported by more than substantial evidence.

### 7.

Plaintiff argues that the ALJ's step four finding that plaintiff's past relevant work as a new product development manager did not require the performance of work-related activities precluded by his residual functional capacity is not supported by substantial evidence. (Plf. Brief,

Statement of Errors ¶ 6 and pp. 21-22). This is a reformulation of plaintiff's challenge to the ALJ's RFC determination and it is rejected for the reasons previously stated.

**8.**

Plaintiff's argument that the ALJ was required to continue to the fifth step in the sequential disability evaluation after finding that plaintiff was not disabled at step four is frivolous. (Plf. Brief, Statement of Errors ¶ 7 and p. 22). If at any point in the sequential evaluation process the ALJ determines that a claimant is not disabled, the ALJ is <u>not</u> required to go on to the next step. 20 C.F.R. § 404.1520(a)(4); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006).

**<u>Conclusion</u>**

For the reasons set forth herein, the Commissioner's decision will be affirmed and judgment will be entered in defendant's favor.

Date:   April 9, 2008                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE

-22-
